Patrick J. McHugh vs. Rhode Island Company.

JUNE 5, 1908.

Present: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1) *Jurors.*

The law is concerned rather with the fairness of the trial and the impartiality of the jurors than with the particular jurors who compose the jury.
A party has no vested interest in the selection of any particular juror.

(2) *Remarks of Counsel. New Trial.*

Where the court directed the jury to disregard remarks of counsel which were the subject of exception, the exception will be overruled.

Trespass on the Case for negligence.    Heard on exceptions of both parties.    All overruled, except as to damages.

Dubois, J.    This is an action of trespass on the case, brought by the father of Catherine McHugh, a minor, to recover damages for loss of her service and for the increased cost of her maintenance, from the age of four and a half years and until her majority, caused by the negligence of the defendant in running one of its cars over her right leg and thereby necessitating its amputation just below the knee.

Upon trial in the Superior Court a verdict was rendered for $4,860.

The defendant's motion for a new trial was denied upon the main issue of negligence, but a new trial was granted unless the plaintiff assented to a reduction of the verdict to $3,000.

The plaintiff duly excepted to the decision upon the question of reduction of damages, and brings his bill of exceptions based thereon, and contends that he is entitled to judgment for the full amount of the verdict rendered by the jury.

The defendant also filed its bill of exceptions, based upon the following grounds:

1.    To the ruling of the court that a juror named Levi Havey was ineligible as a juror in this case because he was an employee of the New York, New Haven and Hartford Railroad Company, as shown on page 1 of said transcript.

2. To the ruling of the court that a juror named Alfred W. Vose was ineligible as a juror in this case because he was an employee of the New York, New Haven and Hartford Railroad Company, as shown on page 1 of said transcript.

3. To certain remarks made by plaintiff's attorney in opening to the jury, to which exceptions are noted on pages 10 and 11 of said transcript.

4. To certain rulings of said court admitting or refusing to admit certain evidence, as shown on pages 46, 47, 58, 59, and 88 of said transcript.

5. To certain remarks made by plaintiff's attorney during the course of said trial, to which exceptions are noted on pages 138, 139, and 140 of said transcript.

6. To the decision of said court denying the defendant's motion for a new trial, which motion was based upon the following grounds:

(a) That said verdict is contrary to the evidence and the weight thereof.

(b) That said verdict is contrary to the law.

(c) That the amount of damages awarded by said verdict is excessive.

The case is before us upon both bills of exceptions.

(1) Considering the exceptions of the defendant, we are of the opinion that the first and second exceptions are without merit. "The law is concerned rather with the fairness of the trial and the impartiality of the jurors than with the particular jurors who compose the jury and render the verdict." *Stevens* v. *Union Railroad Company*, 26 R. I. 90, 106; *Shepard* v. *New York, New Haven & Hartford R. R. Co.*, 27 R. I. 135. A party has no vested interest in the selection of any particular juror.

The remarks of the plaintiff's attorney in his opening to the jury, referred to in the third exception, were promptly and properly treated by the court, as follows:

"Mr. Easton's objection and exception to that part of the opening argument are noted. I will state, in regard to that, that the opening of counsel is to have no other effect on you, gentlemen of the jury, than to simply outline his case as he understands it and to present simply his theory of the law which

is applicable to the case.  You are to take the law from the court, not from either counsel in, this case.  The plaintiff's counsel has simply opened his case to you, stating what he thinks the law is and what he expects to prove."

The incident may therefore be regarded as closed.

The rulings complained of in the fourth exception were not injurious to the defendant.  Two passengers upon the car at the time of the accident were asked concerning the kind of stop made at that time as compared with the average stops made by cars under like conditions.  The first one professed himself to be unable to answer the question because of his inability to exclude the accident as a condition.  The second answered this question:  "Q. How was this stop at this time of this car as compared with the average stop of a car of that size on level ground under the same conditions?  A. Well, to us it apparently seemed much slower.  Q. When did you first get the impression that this stop was much slower than you had been used to in cars of that same kind under the same conditions?  A. Well, when I saw the child upon the rail.".

The judge also refused to allow the counsel for the defendant to ask, in cross-examination, a witness for the plaintiff, the following question:  "Do you know why you were not called as a witness there?" (meaning at a former trial).  The ruling was correct.  The question was immaterial.

(2)     As the court directed the jury to disregard the remarks of the plaintiff's attorney which were the subject of the defendant's fifth ground of exception, the exception must be overruled.

The verdict was not against the evidence.  The testimony was conflicting, and the jurors saw and heard the witnesses, and their finding is supported by the judge who presided at the trial and had the same opportunity to observe the witnesses as did the jury.  We are not prepared to say that judge and jury erred in their conclusion in this respect.  They differ, however, upon the question of damages.  While we are unable to decide that the amount fixed by either is absolutely correct, we are inclined to consider that the lesser amount is more consistent with the state of the testimony upon that subject.

The defendant's exception that the amount of damages awarded by the verdict is excessive is therefore sustained.

The defendant's other exceptions and the plaintiff's exception are overruled, and the case is remitted to the Superior Court for a new trial unless the plaintiff shall, on or before June 15, 1908, enter his remittitur of all of said verdict in excess of three thousand dollars; and in case the plaintiff shall accept the verdict for $3,000, judgment upon the verdict shall be entered for that sum.

*John W. Hogan,* for plaintiff.

*Henry W. Hayes and Frank T. Easton,* for defendant.